Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Giovanni Orantes 190060**
**3435 Wilshire Blvd., Suite 2920**
**Los Angeles, CA 90010**
**(888) 619-8222 Fax:  (877) 789-5776**
**190060 CA**
**go@gobklaw.com**

FOR COURT USE ONLY

☐ Attorney for Movant
☐ *Movant appearing without attorney:*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

**Gustavo Bautista Ortiz**
**Amparo Hernandez Castro**

CASE NO.: **8:19-bk-11771-ES**

CHAPTER: **13**

### NOTICE OF MOTION AND
### MOTION FOR ORDER DETERMINING
### VALUE OF COLLATERAL
### [11 U.S.C. § 506(a), FRBP 3012]

This motion is being made under **ONLY ONE** of the following notice procedures:
☐ No hearing unless request under LBR 9013-1(o)(4);
☑ Hearing set by Movant: LBR 9013-1(d);
☐ Hearing set on Shortened Notice: LBR 9075-1(b); or
☐ Hearing on Emergency Basis: LBR 9075-1(a).

Date: July 30, 2019
TIME: 2:30 PM
COURTROOM: 5A
PLACE: 411 West Fourth Street, Santa Ana, CA 92701-4593

Debtor(s)

**Creditor Name** (*Insert name of creditor holding collateral to be valued*):   **First Home Bank**

1. **PLEASE TAKE NOTICE THAT** _____ Gustavo Bautista Ortiz and Amparo Hernandez Castro _____ (Movant) requests an order valuing the collateral described below. This motion does not request lien avoidance (see LBR forms F 4003 for lien avoidance involving principal residences and judicial liens).

2. **NOTICE PROVISIONS AND DEADLINES FOR FILING AND SERVING A WRITTEN RESPONSE:** Your rights might be affected by this Motion. You may want to consult an attorney. Refer to the box checked below for the deadline to file and serve a written response. If you fail to timely file and serve a written response, the court may treat such failure

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2013*                                    Page  1                                    **F 3012-1.MOTION.VALUATION**

as a waiver of your right to oppose the Motion and may grant the requested relief. You must serve a copy of your opposition upon the Movant and the Movant's attorney and the United States trustee, and also serve a copy on the judge pursuant to LBR 5005-2(d) and the Court Manual.

a. ☐ **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by the Movant pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).Your opposition must comply with LBR 9013-1(f) and (o).

b. ☑ **Hearing Set by Movant; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on at least 21 days of notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

c. ☐ **Hearing Requested on Shortened Notice under LBR 9075-1(b):** Movant has filed a separate motion asking the court to set a hearing on shortened notice, titled Application for Order Setting Hearing on Shortened Notice (Application). If the court grants the Application, the Movant will serve you with another document providing notice. The deadline to file and serve a written response will be contained in this document. If the court denies the Application, the Movant will provide written notice of a regular hearing date or other proposed disposition of this motion.

d. ☐ **Hearing Requested on Emergency Basis under LBR 9075-1(a): Hearing Requested on Emergency Basis under LBR 9075-1(a):** Movant has contacted the court and requested an emergency hearing on less than 48 hours notice. If the court grants the request, you will receive a separate Notice of Hearing that identifies the deadline for the Movant to file and serve the Motion and the deadline for you to file and serve a written response. If the court denies the request to set an emergency hearing, the Movant will provide written notice of a regular hearing date or other disposition of this motion and the deadline for filing an opposition.

Date:  6/27/2019

By:   /s/ Giovanni Orantes
      *Signature of Movant or Attorney for Movant*

Name: Giovanni Orantes, Esq.
      *Print Name of Movant or Attorney for Movant*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2013                    Page 2                    F 3012-1.MOTION.VALUATION

## MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL PURSUANT TO 11 U.S.C. § 506(a) AND FRBP 3012

**1. The Movant is (check one):**

- ☑ The debtor
- ☐ A creditor
- ☐ The Official Committee of Creditors Holding Unsecured Claims
- ☐ Others (specify): _____

**2. The Collateral to be Valued:**

a. The Movant requests a determination of the value of the following collateral (Collateral).

☐ **Real Property**
*Street Address:* _____
*Unit Number:* _____
*City, State, Zip Code:* _____

Legal description or document recording number (including county of recording):
_____
_____

☑ **Personal Property**

☐ Vehicle
*Year, manufacturer, type, and model:* _____
*Vehicle Identification Number:* _____
*Location of vehicle (if known):* _____

☐ Equipment:
*Manufacturer, type, and characteristics:* _____
*Serial number(s):* _____
*Location (if known):* _____

☑ Other Personal Property (describe type, identifying information, and location):

**BROTHER PRINTER MFC MFCL-2700DW; MACos SIERRA C17GLMRCDHJF**
**Desk, Chair; Racks; Inventory; and File cabinets**
*Location (if known):*

☐ See attached page.

b. Purpose of the Valuation

☑ Treatment of the claim in a plan:

☑ Pursuant to 11 U.S.C. § 1322

☐ Pursuant to 11 U.S.C. § 1129

☐ Other
_____

☐ Disposition or use of Collateral pursuant to 11 U.S.C. § 363;

☐ Other: (specify): _____
_____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2013    Page 3    F 3012-1.MOTION.VALUATION

c. Movant asserts that the value of the Collateral is $ **9,261.00** as of (date): **May 7, 2019**
Check One:
☑ Date bankruptcy case was commenced. **May 7, 2019**

☐ Other(specify): _____

### 3. Liens Encumbering the Collateral:

The Collateral is subject to the following liens in the amounts specified securing the debt against the Collateral:

| Names of Lien Holders in Order of Priority | Original Lien Amount | Balance of Lien Amount As of (applicable date) ___5/7/2019___ |
|---|---|---|
| 1st Lien: First Home Bank | $100,000.00 | $87,310.53 |
| 2nd Lien: | $ | $ |
| 3rd Lien: | $ | $ |

☐ See attached page for additional lien(s).

### 4. Determination of Secured/Unsecured Status:
Based upon paragraphs 2 and 3 above, Movant asserts the following:

| Names of Lien Holders in Order of Priority | Secured Portion of the Claim | Unsecured Portion of the Claim |
|---|---|---|
| 1st Lien: First Home Bank | $ 9,261.00 | $ 78,049.53 |
| 2nd Lien: | $ | $ |
| 3rd Lien: | $ | $ |

☐ See attached page for additional lien(s).

### 5. Evidence in Support of Motion:

a.    Evidence establishing the value of the Collateral:
☑ Declaration of the debtor as owner of the Collateral
☐ Declaration of the expert witness
☐ Certified appraiser
☐ Other: _____
☐ Declaration of a party who can authenticate a market report e.g. Kelley Blue Book) pursuant to F.R.Evid. 803(17).
☐ Other:

b.    Evidence establishing the amount of the claims related to the liens encumbering the Collateral
☑ Declaration of the debtor as owner of the Collateral
☑ Declaration of a witness authenticating a document that is an admissible statement of a party opponent (e.g. proof of claim or a recent loan statement) pursuant to F.R.Evid. 801(d)(2).

☐ Other:

c.    Evidence establishing the priority of the lien encumbering the Collateral
☑ Declaration of the debtor as owner of the Collateral
☐ Other:

d.    ☐ Other evidence (specify):

**Based upon the foregoing, Movant requests that this Court value the Collateral as listed in paragraph 2.c. above and that the claims related to the liens encumbering the Collateral, listed in paragraph 3 above, are determined to be secured or unsecured as requested in paragraph 4 above.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2013                                  Page 4                          F 3012-1.MOTION.VALUATION

☐ See attached continuation page for additional provisions.

Respectfully submitted,

Date:  6/27/2019

By: _____
*Signature of Movant or Attorney for Movant*

Name:  Giovanni Orantes, Esq.
*Printed Name of Movant or Attorney for Movant*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2013                                    Page  5                    **F 3012-1.MOTION.VALUATION**

## DECLARATION OF THE DEBTOR AS OWNER OF THE COLLATERAL IN SUPPORT OF
## MOTION FOR ORDER TERMINING VALUE OF COLLATERAL

1. I, (*state debtor's name*) ___Gustavo Bautista Ortiz___ declare that I am the debtor in this bankruptcy case.

2. I make this declaration of my own personal knowledge and if called as a witness, could and would testify thereto.

3. I am the owner of the collateral listed in paragraph 1 of the Motion for Order Determining Value of Collateral to which this declaration is attached.

4. My opinion of the value of the Collateral is $ _9,261.00_ as of (*applicable date*) __5/7/2019__ based upon my personal knowledge, including but not limited to:

    ☐ Review of an appraisal (do not attach).
    ☑ Knowledge of comparable sales (do not attach).
    ☐ Other: _____

5. As of (applicable date), the Collateral is subject to the following liens in the amounts specified securing the debt against the Collateral:

| Names of Lien Holders in Order of Priority | Original Lien Amount | Balance of Lien Amount As of (state applicable date) 5/7/2019 |
|---|---|---|
| 1st Lien: First Home Bank | $ 100,000.00 | $ 87,310.53 |
| 2nd Lien: | $ | $ |
| 3rd Lien: | $ | $ |

The foregoing balances are established by true and correct copies of filed proofs of claim, or recent loan statements, or other documents attached to this declaration as Exhibit A.

6. The purpose of the valuation is to provide for treatment of the claim of:

| Names of Lien Holders in Order of Priority | Secured Portion of the Claim | Unsecured Portion of the Claim |
|---|---|---|
| 1st Lien: First Home Bank | $ 9,261.00 | $78,049.53 |
| 2nd Lien: | $ | $ |
| 3rd Lien: | $ | $ |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature
**Gustavo Bautista Ortiz**
*Printed Name*

# *Exhibit A*

## VALUE OF THE ASSETS

| Asset(s) | Value |
|---|---|
| BROTHER PRINTER MFC MFCL-2700DW | $ 120.00 |
| MACos SIERRA C17GLMRCDHJF | $ 139.00 |
| Desk, Chair | $ 80.00 |
| Racks | $ 400.00 |
| Inventory | $ 8,472.00 |
| File cabinets | $ 50.00 |
|  |  |
| **Total Estimated Value** | **$9,261.00** |

## DECLARATION OF EXPERT WITNESS IN SUPPORT OF
## MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL

I, ___**N/A**_____ declare:

1. I am over 18 years of age, and I am qualified to testify as an expert witness in my capacity as a:
   - ☐ Licensed Residential Property Appraiser with license no. _____
   - ☐ Other: _____

2. Attached as Exhibit A to this declaration, is my report, which discloses all the data that I have used in forming my opinion.

3. My Opinion of the value of the Collateral is $ _____ as of *(applicable date)* _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
*Signature*

_____
Printed Name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2013*                    Page  7                    **F 3012-1.MOTION.VALUATION**

1

## **DECLARATION OF GIOVANNI ORANTES**

2

I, Giovanni Orantes, do hereby declare and state as follows:

3

1.      I am over 18 years of age.  I am an attorney duly licensed to practice in all the state

4

and federal courts of the state of California.  The statements made herein are of my own personal

5

knowledge, and if called upon, I would and could competently testify to their truth.

6

2.      I make this declaration in support of the Debtor's Motion for Order Determining

7

Value of Collateral [11 U.S.C. §506(a), FRBP 3012] (the "Motion").

8

3.      I am informed and believe that on June 12, 2019, First Home Bank. (the "Creditor")

9

filed its Proof of Claim as claim No. 13-2 (the "Proof of Claim"). Attached hereto as Exhibit 1 is a

10

true and correct copy of the Proof of Claim.

11

I declare under penalty of perjury under the laws of the State of California that the

12

foregoing is true and correct.

13

Dated: June 27, 2019                          _____

14

Giovanni Orantes

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# *Exhibit 1*

| Fill in this information to identify the case: |
| --- |

Debtor 1  **Gustavo Bautista Ortiz**

Debtor 2  **Amparo Hernandez Castro**
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number  **8:19-bk-11771-ES**



FILED

JUN 1 2 2019

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

## Official Form 410

# Proof of Claim                                              12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

**First Home Bank**
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Hector Perez, Special Assets Officer
Name

700 Central Ave.
Number      Street

St. Petersburg          FL          33701
City                State        ZIP Code

Contact phone (727) 399 - 5683

Contact email Hector.perez@firsthomebank.com

Where should payments to the creditor be sent? (if different)

Hector Perez, Special Assets Officer
Name

700 Central Ave.
Number      Street

St. Petersburg          FL          33701
City                State        ZIP Code

Contact phone (727) 399 - 5683

Contact email Hector.perez@firsthomebank.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.  Claim number on court claims registry (if known) _____

Filed on  06/07/2019
               MM / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  5   0   0   5 |

7. **How much is the claim?**    $_____87,310.53_  **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

9. **Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:    First blanket lien on all business assets

**Basis for perfection:**    filed UCC financing statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____0.00

**Amount of the claim that is unsecured:**  $_____87,310.53 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_8.25_ %

☐ Fixed

☑ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* |

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| **The person completing this claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☑ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  06/11/2019<br>  MM / DD / YYYY<br><br>Signature<br><br>Print the name of the person who is completing and signing this claim: |

| | | | |
|---|---|---|---|
| Name | Hector | | Perez |
| | First name | Middle name | Last name |
| Title | Special Assets Officer | | |
| Company | First Home Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 700 Central Ave | | |
| | Number    Street | | |
| | St. Petersburg | FL | 33701 |
| | City | State | ZIP Code |
| Contact phone | (727) 399 - 5683 | Email | Hector Perez |

06/11/2019 2:40:55 PM : AMBER

GB Oil, Inc 828-71-9486285005

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37 of 16

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 9486285005 | GB OIL, INC. | | 05/31/17 | SMB |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $100,000.00 | Wall Street Journal Prime plus 2.750% | 6.750% | 05/31/27 | Commercial |
| | | Creditor Use Only | | |

## PROMISSORY NOTE
(Commercial - Single Advance)

**DATE AND PARTIES.** The date of this Promissory Note (Note) is May 31, 2017. The parties and their addresses are:

**LENDER:**
**FIRST HOME BANK, A FLORIDA BANKING CORPORATION**
700 CENTRAL AVE
ST PETERSBURG, FL 33701
Telephone: (727) 399-2265

**BORROWER:**
GB OIL, INC.
a California Corporation
515 W VALENCIA DRIVE UNIT E
FULLERTON, CA 92832

**1. DEFINITIONS.** As used in this Note, the terms have the following meanings:

**A. Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

**B. Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

**C. Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

**D. Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

**E. Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

**F. Percent.** Rates and rate change limitations are expressed as annualized percentages.

**G. Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

**2. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $100,000.00 (Principal) plus interest from May 31, 2017 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

**3. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of **6.750 percent (Interest Rate)** until July 1, 2017, after which time it may change as described in the Variable Rate subsection.

**A. Interest After Default.** If you declare a default under the terms of the Loan, including for failure to pay in full at maturity, you may increase the Interest Rate otherwise payable as described in this section. In such event, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time under the terms of the Loan, until paid in full.

**B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

**C. Accrual.** Interest accrues using an Actual/365 days counting method.

**D. Variable Rate.** The Interest Rate may change during the term of this transaction.

(1) **Index.** Beginning with the first Change Date, the Interest Rate will be based on the following index: the base rate on corporate loans posted by at least 70% of the 10 largest U.S. banks known as the Wall Street Journal U.S. Prime Rate.

The Current Index is the most recent index figure available on each Change Date. You do not guaranty by selecting this Index, or the margin, that the Interest Rate on this Note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers. If this Index is no longer available, you will substitute a similar index. You will give me notice of your choice.

(2) **Change Date.** Each date on which the Interest Rate may change is called a Change Date. The Interest Rate may change July 1, 2017 and every calendar quarter thereafter.

(3) **Calculation Of Change.** On each Change Date you will calculate the Interest Rate, which will be the Current Index plus 2.750 percent. Subject to any limitations, this will be the Interest Rate until the next Change Date. The new Interest Rate will become effective on each Change Date. The Interest Rate and other charges on this Note will never exceed the highest rate or charge allowed by law for this Note.

(4) **Effect Of Variable Rate.** A change in the Interest Rate will have the following effect on the payments: The amount of scheduled payments will change.

**4. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

GB OIL, INC.
California Promissory Note
CA/4JULIEALLO0000000001289014N

Case 8:19-bk-11771-ES    Doc 27    Filed 06/28/19    Entered 06/28/19 15:25:48    Desc
Main Document      Page 17 of 30

Case 8:19-bk-11771-ES    Claim 13-2    Filed 06/12/19    Desc Main Document      Page 6
DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37 of 16

**A. Late Charge.** If a payment is more than 10 days late, I will be charged **5.000** percent of the Unpaid Portion of Payment. I will pay this late charge promptly but only once for each late payment.

**B. Returned Check Charge.** I agree to pay a fee not to exceed $25.00 for each check, negotiable order of withdrawal or draft I issue in connection with the Loan that is returned because it has been dishonored.

**5. PAYMENT.** I agree to pay this Note in 120 payments. A payment of **$1,149.76** will be due July 5, 2017, and on the 5th day of each month thereafter. I will make 3 scheduled payments of this amount. The scheduled payment amount may then change every 3 payments thereafter. Changes in the Interest Rate will not affect the scheduled payment amount during these periods. With each scheduled payment change the payment amount will be adjusted to reflect changes in the Interest Rate during the remaining term of this Note. In addition, changes to the scheduled payment amounts are subject to changes in the Interest Rate as described in the Variable Rate subsection of this Note. A final payment of the entire unpaid balance of Principal and interest will be due May 31, 2027.

Payments will be rounded down to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to interest that is due, then to principal that is due, and finally to any charges that I owe other than principal and interest. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**6. PREPAYMENT.** I may prepay this Loan under the following terms and conditions. Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must:      (a)  Give Lender written notice; (b) Pay all accrued interest; and (c) If the prepayment is received less than 21 days from the date Lender received the notice, pay an amount equal to 21 days interest from the date lender received the notice, less any interest accrued during the 21 days and paid under b. of this paragraph. If Borrower does not prepay within 30 days from the date Lender received the notice, Borrower must give Lender a new notice..

**7. LOAN PURPOSE.** The purpose of this Loan is Debt Refinance and Working Capital.

**8. ADDITIONAL TERMS.** SBA PROVISIONS - When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claims of SBA, or preempt federal law.

**9. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Security Agreement - GB OIL, INC. | GB OIL, INC. |

**10. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**11. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

**M. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**N. Material Change.** Without first notifying you, there is a material change in my business, including ownership, management, and financial conditions.

**O. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37    of 16

**12. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

**13. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

(7) I agree that you may inform any party who guarantees this Loan of any Loan accommodations, renewals, extensions, modifications, substitutions or future advances.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**14. REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. In addition, your right to set-off against any demand deposit accounts I have deposited with you may be limited by applicable California law. In certain circumstances, I may be entitled to a notice of set-off. State law may further limit your right of set-off.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**F. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**15. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**16. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**17. WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.** The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

**18. INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

**A. Property Insurance.** I will insure or retain insurance coverage on the Property and abide by the insurance requirements of any security instrument securing the Loan.

**B. Insurance Warranties.** I agree to purchase any insurance coverages that are required, in the amounts you require, as described in this or any other documents I sign for the Loan. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the

State where the Property is located. If I buy or provide the insurance from someone other than you, the firm will be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this agreement are paid. If I want to buy the insurance from you, I have signed a separate statement agreeing to this purchase.

**19. APPLICABLE LAW.** This Note is governed by the laws of California, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Florida, unless otherwise required by law.

**20. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**21. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**22. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**23. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**24. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**25. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**26. CALIFORNIA CIVIL CODE SECTION 1542 WAIVER.** I expressly waive and release all rights conferred upon me by the provisions of California Civil Code Section 1542, and expressly agree that this Note shall be given full force and effect according to each of its express provisions. California Civil Code Section 1542 provides:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

With regard to Section 1542 of the California Civil Code, I hereby agree, represent and warrant that I realize and acknowledge that factual matters now unknown to me may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, expenses and defenses, which are presently unknown, unanticipated, misunderstood and unsuspected. I further agree, represent and warrant that this Note has been negotiated and agreed upon in light of that realization and that I nevertheless hereby waive and release all rights and benefits which I may otherwise have against you under Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated, misunderstood and unsuspected causes of action, claims, demands debts, controversies, damages, costs, losses, expenses and defenses, and all claims.

**27. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

**BORROWER:**

GB OIL, INC.

By _____    Date _____    5/31/2017
   *GUSTAVO BAUTISTA ORTIZ*
   GUSTAVO BAUTISTA ORTIZ, Owner/President

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

# GUARANTY
### (Specific Debt - Unlimited)

**DATE AND PARTIES.** The date of this Guaranty is May 31, 2017. The parties and their addresses are:

**LENDER:**
**FIRST HOME BANK, A FLORIDA BANKING CORPORATION**
700 CENTRAL AVE
ST PETERSBURG, FL 33701
Telephone: (727) 399-2265

**BORROWER:**
**GB OIL, INC.**
a California Corporation
515 W VALENCIA DRIVE UNIT E
FULLERTON, CA 92832

**GUARANTOR:**
**AMPARO HERNANDEZ CASTRO**
1864 W SURF DR
ANAHEIM, CA 92801

**1. DEFINITIONS.** As used in this Guaranty, the terms have the following meanings:

**A. Pronouns.** The pronouns "I", "me" and "my" refer to all persons or entities signing this Guaranty, individually and together. "You" and "your" refer to the Lender.

**B. Note.** "Note" refers to the document that evidences the Borrower's indebtedness, and any extensions, renewals, modifications and substitutions of the Note.

**C. Property.** "Property" means any property, real, personal or intangible, that secures performance of the obligations of the Note, Debt, or this Guaranty.

**D. Loan.** "Loan" refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction.

**E. Loan Documents.** "Loan Documents" refer to all the documents executed as a part of or in connection with the Loan.

**2. SPECIFIC DEBT GUARANTY.** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and to induce you, at your option, to make loans or engage in any other transactions with the Borrower from time to time, I absolutely and unconditionally agree to all terms of and guaranty to you the payment and performance of the following described Debt(s) of the Borrower including without limitation, all principal, accrued interest, attorneys' fees and collection costs, when allowed by law, that may become due from the Borrower to you in collecting and enforcing the Debt and all other agreements with respect to the Borrower.

A promissory note or other agreement, No. 9486285005, dated May 31, 2017, from GB OIL, INC. (Borrower) to you, in the amount of

$100,000.00.   You may, without notice, apply this Guaranty to such Debt of the Borrower as you may select from time to time.

**3. EXTENSIONS.** I consent to all renewals, extensions, modifications and substitutions of the Debt which may be made by you upon such terms and conditions as you may see fit from time to time without further notice to me and without limitation as to the number of renewals, extensions, modifications or substitutions.

**4. UNCONDITIONAL LIABILITY.** I am unconditionally liable under this Guaranty, regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of the Debt or against any Property. You may sue me alone, or anyone else who is obligated on this Guaranty, or any number of us together, to collect the Debt. My liability is not conditioned on the signing of this Guaranty by any other person and further is not subject to any condition not expressly set forth in this Guaranty or any instrument executed in connection with the Debt. My obligation to pay according to the terms of this Guaranty shall not be affected by the illegality, invalidity or unenforceability of any notes or agreements evidencing the Debt, the violation of any applicable usury laws, forgery, or any other circumstances which make the indebtedness unenforceable against the Borrower. I will remain obligated to pay on this Guaranty even if any other person who is obligated to pay the Debt, including the Borrower, has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law.

**5. BANKRUPTCY.** If a bankruptcy petition should at any time be filed by or against the Borrower, the maturity of the Debt, so far as my liability is concerned, shall be accelerated and the Debt shall be immediately payable by me. I acknowledge and agree that this Guaranty, and the Debt secured hereby, will remain in full force and effect at all times, notwithstanding any action or undertakings by, or against, you or against any Property, in connection with any obligation in any proceeding in the United States Bankruptcy Courts. Such action or undertaking includes, without limitation, valuation of Property, election of remedies or imposition of secured or unsecured claim status upon claims by you, pursuant to the United States Bankruptcy Code, as amended. In the event that any payment of principal or interest received and paid by any other guarantor, borrower, surety, endorser or co-maker is deemed, by final order of a court of competent jurisdiction, to have been a voidable preference under the bankruptcy or insolvency laws of the United States or otherwise, then my obligation will remain as an obligation to you and will not be considered as having been extinguished.

**6. REVOCATION.** I agree that this is an absolute and unconditional Guaranty. This Guaranty cannot be revoked and will remain in effect until the Debt is paid in full.

**7. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth In Lending Act, (Regulation Z), that are required for loans secured by the Property.

**8. PROPERTY.** I agree that any Property may be assigned, exchanged, released in whole or in part or substituted without notice to me and without defeating, discharging or diminishing my liability. My obligation is absolute and your failure to perfect any security interest or any act or omission by you which impairs the Property will not relieve me or my liability under this Guaranty. You are under no duty to preserve or protect any Property until you are in actual or constructive possession. For purposes of this paragraph, you will only be in "actual" possession when you have physical, immediate and exclusive control over the Property and have accepted such control in writing. Further, you will only be deemed to be in "constructive" possession when you have both the power and intent to exercise control over the Property.

**9. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me, Borrower, or any co-signer, endorser, surety or guarantor of this Guaranty or any Debt.

**C. Death or Incompetency.** I die or am declared legally incompetent.

**D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Guaranty.

**E. Other Documents.** A default occurs under the terms of any other document relating to the Debt.

**F. Other Agreements.** I am in default on any other debt or agreement I have with you.

**G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**H. Judgment.** I fail to satisfy or appeal any judgment against me.

**I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**K. Property Transfer.** I transfer all or a substantial part of my money or property.

**L. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**M. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Guaranty or that the prospect for payment or performance of the Debt is impaired for any reason.

**10. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers.** In addition, to the extent permitted by law, I consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to the Debt or this Guaranty.

(1) You may renew or extend payments on the Debt, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property.

(4) You, or any institution participating in the Debt, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of the Debt to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that the Borrower is authorized to modify the terms of the Debt or any instrument securing, guarantying or relating to the Debt.

(7) You may undertake a valuation of any Property in connection with any proceedings under the United States Bankruptcy Code concerning the Borrower or me, regardless of any such valuation, or actual amounts received by you arising from the sale of such Property.

(8) I agree to consent to any waiver granted the Borrower, and agree that any delay or lack of diligence in the enforcement of the Debt, or any failure to file a claim or otherwise protect any of the Debt, in no way affects or impairs my liability.

(9) I waive all rights and defenses that I may have because the Borrower's Debt is secured by real property. This means, among other things: (1) You may collect from me without first foreclosing on any real or personal property collateral pledged by the Borrower; and (2) If you foreclose on any real property collateral pledged by the Borrower: (A) The amount of the Debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) You may collect from me even if you, by foreclosing on the real property collateral, have destroyed any right I may have to collect from the Borrower. This is an unconditional and irrevocable waiver of any rights and defenses I may have because the Borrower's Debt is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon § 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

In addition, I waive all rights and defenses arising out of an election of remedies by you, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for the Debt, has destroyed my rights of subrogation and reimbursement against the Borrower by the operation of § 580d of the California Code of Civil Procedure or otherwise.

Any Guarantor who is an "insider," as contemplated by the United States Bankruptcy Code, 11 U.S.C. 101, as amended, makes these waivers permanently. (An insider includes, among others, a director, officer, partner, or other person in control of the Borrower, a person or an entity that is a co-partner with the Borrower, an entity in which the Borrower is a general partner, director, officer or other person in control or a close relative of any of these other persons.) Any Guarantor who is not an insider makes these waivers until all Debt is fully repaid.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in the Debt instruments, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**C. Waiver of Claims.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

**11. REMEDIES.** After the Borrower or I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Guaranty immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any documents relating to the Debt.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on default.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

**D. Payments Made on the Borrower's Behalf.** Amounts advanced on the Borrower's behalf will be immediately due and may be added to the balance owing under the Debt.

**E. Attachment.** You may attach or garnish my wages or earnings.

**F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Guaranty against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Guaranty" means the total amount to which you are entitled to demand payment under the terms of this Guaranty at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay the Debt, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. In addition, your right to set-off against any demand deposit accounts I have deposited with you may be limited by applicable California law. In certain circumstances, I may be entitled to a notice of set-off. State law may further limit your right of set-off.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**12. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Guaranty or any other document relating to the Debt. To the extent permitted by law, expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**13. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Guaranty. The execution and delivery of this Guaranty will not violate any agreement governing me or to which I am a party.

In addition, I represent and warrant that this Guaranty was entered into at the request of the Borrower, and that I am satisfied regarding the Borrower's financial condition and existing indebtedness, authority to borrow and the use and intended use of all Debt proceeds. I further represent and warrant that I have not relied on any representations or omissions from you or any information provided by you respecting the Borrower, the Borrower's financial condition and existing indebtedness, the Borrower's authority to borrow or the Borrower's use and intended use of all Debt proceeds.

**14. RELIANCE.** I acknowledge that you are relying on this Guaranty in extending credit to the Borrower, and I have signed this Guaranty to induce you to extend such credit. I represent and warrant to you that I have a direct and substantial economic interest in the Borrower and expect to derive substantial benefits from any loans and financial accommodations resulting in the creation of indebtedness guarantied hereby.

**15. APPLICABLE LAW.** This Guaranty is governed by the laws of California, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Florida, unless otherwise required by law.

**16. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Guaranty may not be amended or modified by oral agreement. No amendment or modification of this Guaranty is effective unless made in writing and executed by you and me. This Guaranty and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Guaranty is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

**17. ASSIGNMENT.** If you assign any of the Debts, you may assign all or any part of this Guaranty without notice to me or my consent, and this Guaranty will inure to the benefit of your assignee to the extent of such assignment. You will continue to have the unimpaired right to enforce this Guaranty as to any of the Debts that are not assigned. This Guaranty shall inure to the benefit of and be enforceable by you and your successors and assigns and any other person to whom you may grant an interest in the Debts and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Guaranty.

**19. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Guarantor will be deemed to be notice to all Guarantors. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Guaranty and to confirm your lien status on any Property. Time is of the essence.

**20. CREDIT INFORMATION.** I agree that from time to time you may obtain credit information about me from others, including other lenders and credit reporting agencies, and report to others (such as a credit reporting agency) your credit experience with me. I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

**21. ADDITIONAL TERMS.** SBA PROVISIONS - When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claims of SBA, or preempt federal law.

**22. SIGNATURES.** By signing, I agree to the terms contained in this Guaranty. I also acknowledge receipt of a copy of this Guaranty.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

**GUARANTOR:**

_AMPARO HERNANDEZ CASTRO_ _____    Date 5/31/2017
**AMPARO  HERNANDEZ CASTRO**

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

# GUARANTY
(Specific Debt - Unlimited)

**DATE AND PARTIES.** The date of this Guaranty is May 31, 2017. The parties and their addresses are:

**LENDER:**
  **FIRST HOME BANK, A FLORIDA BANKING CORPORATION**
  700 CENTRAL AVE
  ST PETERSBURG, FL  33701
  Telephone:  (727) 399-2265

**BORROWER:**
  **GB OIL, INC.**
  a California Corporation
  515 W VALENCIA DRIVE UNIT E
  FULLERTON, CA 92832

**GUARANTOR:**
  **GUSTAVO  BAUTISTA ORTIZ**
  1864 W SURF DR
  ANAHEIM, CA 92801

**1. DEFINITIONS.** As used in this Guaranty, the terms have the following meanings:

  **A. Pronouns.** The pronouns "I", "me" and "my" refer to all persons or entities signing this Guaranty, individually and together. "You" and "your" refer to the Lender.

  **B. Note.** "Note" refers to the document that evidences the Borrower's indebtedness, and any extensions, renewals, modifications and substitutions of the Note.

  **C. Property.** "Property" means any property, real, personal or intangible, that secures performance of the obligations of the Note, Debt, or this Guaranty.

  **D. Loan.** "Loan" refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction.

  **E. Loan Documents.** "Loan Documents" refer to all the documents executed as a part of or in connection with the Loan.

**2. SPECIFIC DEBT GUARANTY.** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and to induce you, at your option, to make loans or engage in any other transactions with the Borrower from time to time, I absolutely and unconditionally agree to all terms of and guaranty to you the payment and performance of the following described Debt(s) of the Borrower including without limitation, all principal, accrued interest, attorneys' fees and collection costs, when allowed by law, that may become due from the Borrower to you in collecting and enforcing the Debt and all other agreements with respect to the Borrower.

A promissory note or other agreement, No. 9486285005, dated May 31, 2017, from GB OIL, INC. (Borrower) to you, in the amount of

$100,000.00.  You may, without notice, apply this Guaranty to such Debt of the Borrower as you may select from time to time.

**3. EXTENSIONS.** I consent to all renewals, extensions, modifications and substitutions of the Debt which may be made by you upon such terms and conditions as you may see fit from time to time without further notice to me and without limitation as to the number of renewals, extensions, modifications or substitutions.

**4. UNCONDITIONAL LIABILITY.** I am unconditionally liable under this Guaranty, regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of the Debt or against any Property. You may sue me alone, or anyone else who is obligated on this Guaranty, or any number of us together, to collect the Debt. My liability is not conditioned on the signing of this Guaranty by any other person and further is not subject to any condition not expressly set forth in this Guaranty or any instrument executed in connection with the Debt. My obligation to pay according to the terms of this Guaranty shall not be affected by the illegality, invalidity or unenforceability of any notes or agreements evidencing the Debt, the violation of any applicable usury laws, forgery, or any other circumstances which make the indebtedness unenforceable against the Borrower. I will remain obligated to pay on this Guaranty even if any other person who is obligated to pay the Debt, including the Borrower, has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law.

**5. BANKRUPTCY.** If a bankruptcy petition should at any time be filed by or against the Borrower, the maturity of the Debt, so far as my liability is concerned, shall be accelerated and the Debt shall be immediately payable by me. I acknowledge and agree that this Guaranty, and the Debt secured hereby, will remain in full force and effect at all times, notwithstanding any action or undertakings by, or against, you or against any Property. In connection with any obligation in any proceeding in the United States Bankruptcy Courts. Such action or undertaking includes, without limitation, valuation of Property, election of remedies or imposition of secured or unsecured claim status upon claims by you, pursuant to the United States Bankruptcy Code, as amended. In the event that any payment of principal or interest received and paid by any other guarantor, borrower, surety, endorser or co-maker is deemed, by final order of a court of competent jurisdiction, to have been a voidable preference under the bankruptcy or insolvency laws of the United States or otherwise, then my obligation will remain as an obligation to you and will not be considered as having been extinguished.

**6. REVOCATION.** I agree that this is an absolute and unconditional Guaranty. This Guaranty cannot be revoked and will remain in effect until the Debt is paid in full.

**7. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**8. PROPERTY.** I agree that any Property may be assigned, exchanged, released in whole or in part or substituted without notice to me and without defeating, discharging or diminishing my liability. My obligation is absolute and your failure to perfect any security interest or any act or omission by you which impairs the Property will not relieve me or my liability under this Guaranty. You are under no duty to preserve or protect any Property until you are in actual or constructive possession. For purposes of this paragraph, you will only be in "actual" possession when you have physical, immediate and exclusive control over the Property and have accepted such control in writing. Further, you will only be deemed to be in "constructive" possession when you have both the power and intent to exercise control over the Property.

**9. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me, Borrower, or any co-signer, endorser, surety or guarantor of this Guaranty or any Debt.

**C. Death or Incompetency.** I die or am declared legally incompetent.

**D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Guaranty.

**E. Other Documents.** A default occurs under the terms of any other document relating to the Debt.

**F. Other Agreements.** I am in default on any other debt or agreement I have with you.

**G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**H. Judgment.** I fail to satisfy or appeal any judgment against me.

**I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**K. Property Transfer.** I transfer all or a substantial part of my money or property.

**L. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**M. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Guaranty or that the prospect for payment or performance of the Debt is impaired for any reason.

**10. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers.** In addition, to the extent permitted by law, I consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to the Debt or this Guaranty.

(1) You may renew or extend payments on the Debt, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property.

(4) You, or any institution participating in the Debt, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of the Debt to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that the Borrower is authorized to modify the terms of the Debt or any instrument securing, guarantying or relating to the Debt.

(7) You may undertake a valuation of any Property in connection with any proceedings under the United States Bankruptcy Code concerning the Borrower or me, regardless of any such valuation, or actual amounts received by you arising from the sale of such Property.

(8) I agree to consent to any waiver granted the Borrower, and agree that any delay or lack of diligence in the enforcement of the Debt, or any failure to file a claim or otherwise protect any of the Debt, in no way affects or impairs my liability.

(9) I waive all rights and defenses that I may have because the Borrower's Debt is secured by real property. This means, among other things: (1) You may collect from me without first foreclosing on any real or personal property collateral pledged by the Borrower; and (2) If you foreclose on any real property collateral pledged by the Borrower: (A) The amount of the Debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) You may collect from me even if you, by foreclosing on the real property collateral, have destroyed any right I may have to collect from the Borrower. This is an unconditional and irrevocable waiver of any rights and defenses I may have because the Borrower's Debt is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon § 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

In addition, I waive all rights and defenses arising out of an election of remedies by you, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for the Debt, has destroyed my rights of subrogation and reimbursement against the Borrower by the operation of § 580d of the California Code of Civil Procedure or otherwise.

Any Guarantor who is an "insider," as contemplated by the United States Bankruptcy Code, 11 U.S.C. 101, as amended, makes these waivers permanently. (An insider includes, among others, a director, officer, partner, or other person in control of the Borrower, a person or an entity that is a co-partner with the Borrower, an entity in which the Borrower is a general partner, director, officer or other person in control or a close relative of any of these other persons.) Any Guarantor who is not an insider makes these waivers until all Debt is fully repaid.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in the Debt instruments, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**C. Waiver of Claims.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

**11. REMEDIES.** After the Borrower or I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Guaranty immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any documents relating to the Debt.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on default.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

**D. Payments Made on the Borrower's Behalf.** Amounts advanced on the Borrower's behalf will be immediately due and may be added to the balance owing under the Debt.

**E. Attachment.** You may attach or garnish my wages or earnings.

**F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Guaranty against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Guaranty" means the total amount to which you are entitled to demand payment under the terms of this Guaranty at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay the Debt, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. In addition, your right to set-off against any demand deposit accounts I have deposited with you may be limited by applicable California law. In certain circumstances, I may be entitled to a notice of set-off. State law may further limit your right of set-off.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**12. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Guaranty or any other document relating to the Debt. To the extent permitted by law, expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**13. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Guaranty. The execution and delivery of this Guaranty will not violate any agreement governing me or to which I am a party.

In addition, I represent and warrant that this Guaranty was entered into at the request of the Borrower, and that I am satisfied regarding the Borrower's financial condition and existing indebtedness, authority to borrow and the use and intended use of all Debt proceeds. I further represent and warrant that I have not relied on any representations or omissions from you or any information provided by you respecting the Borrower, the Borrower's financial condition and existing indebtedness, the Borrower's authority to borrow or the Borrower's use and intended use of all Debt proceeds.

**14. RELIANCE.** I acknowledge that you are relying on this Guaranty in extending credit to the Borrower, and I have signed this Guaranty to induce you to extend such credit. I represent and warrant to you that I have a direct and substantial economic interest in the Borrower and expect to derive substantial benefits from any loans and financial accommodations resulting in the creation of indebtedness guarantied hereby.

**15. APPLICABLE LAW.** This Guaranty is governed by the laws of California, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Florida, unless otherwise required by law.

**16. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Guaranty may not be amended or modified by oral agreement. No amendment or modification of this Guaranty is effective unless made in writing and executed by you and me. This Guaranty and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Guaranty is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

**17. ASSIGNMENT.** If you assign any of the Debts, you may assign all or any part of this Guaranty without notice to me or my consent, and this Guaranty will inure to the benefit of your assignee to the extent of such assignment. You will continue to have the unimpaired right to enforce this Guaranty as to any of the Debts that are not assigned. This Guaranty shall inure to the benefit of and be enforceable by you and your successors and assigns and any other person to whom you may grant an interest in the Debts and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Guaranty.

**19. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Guarantor will be deemed to be notice to all Guarantors. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Guaranty and to confirm your lien status on any Property. Time is of the essence.

**20. CREDIT INFORMATION.** I agree that from time to time you may obtain credit information about me from others, including other lenders and credit reporting agencies, and report to others (such as a credit reporting agency) your credit experience with me. I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

**21. ADDITIONAL TERMS.** SBA PROVISIONS - When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claims of SBA, or preempt federal law.

**22. SIGNATURES.** By signing, I agree to the terms contained in this Guaranty. I also acknowledge receipt of a copy of this Guaranty.

DocuSign Envelope ID: A3987058-4947-47D5-87E6-47BE11ECFC37

**GUARANTOR:**

GUSTAVO BAUTISTA ORTIZ                    5/31/2017
_____    Date_____
GUSTAVO  BAUTISTA ORTIZ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3435 Wilshire Blvd., Suite 2920**
**Los Angeles, CA 90010**

A true and correct copy of the foregoing document entitled (*specify*):   **NOTICE OF MOTION AND MOTION FOR ORDER
DETERMINING VALUE OF COLLATERAL**   will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  6/28/2019 , I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:

**Amrane (SA) Cohen (TR)**
**efile@ch13ac.com**

**Christopher Cramer on behalf of Creditor Courtesy NEF**
**secured@becket-lee.com**

**Christine Levi on behalf of Creditor On Deck Capital, Inc.**
**bankruptcy@ondeck.com**

**Giovanni Orantes on behalf of Debtor Gustavo Bautista Ortiz**
**go@gobklaw.com,**
**gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcas**
**e.com**

**Giovanni Orantes on behalf of Joint Debtor Amparo Hernandez Castro**
**go@gobklaw.com,**
**gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcas**
**e.com**

**Valerie Smith on behalf of Interested Party Courtesy NEF**
**claims@recoverycorp.com**

**D Anthony Sottile on behalf of Creditor Home Point Financial Corporation**
**bankruptcy@sottileandbarile.com**

**United States Trustee (SA)**
**ustpregion16.sa.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*)  6/28/2019  , I served the following persons and/or entities at the last known
addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the
United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing
to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Honorable Judge Erithe A. Smith
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/28/2019 | **Andrea M. Castro** | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2013                                    Page 9                              **F 3012-1.MOTION.VALUATION**

*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| Name of 1st Lienholder) | Address from: | Delivery Method |
|---|---|---|
| **First Home Bank**<br>**Hector Perez, Special Assets Officer**<br>**700 Central Ave**<br>**St Petersburg, FL 33701** | ☑ Proof of Claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *specify* | ☑ US Mail<br>☐ Certified Mail - Tracking#____<br>☐ Overnight Mail - Tracking#____<br>Carrier Name:____ |
| **First Home Bank**<br>**Attention: President or Corporate Officer**<br>**700 Central Ave**<br>**Saint Petersburg, FL 33701** | ☐ Proof of Claim<br>☐ Secretary of State<br>☑ FDIC website<br>☐ Other: *specify* | ☐ US Mail<br>☑ Certified Mail - Tracking#_7018-0360-0000-6499-7763_<br>☐ Overnight Mail - Tracking#____<br>Carrier Name:____ |
| **Jaleisce Williams Aidoo**<br>**Agent for Service of Process for**<br>**First Home Bank**<br>**700 Central Ave**<br>**Saint Petersburg, FL 33701** | ☐ Proof of Claim<br>☑ Secretary of State<br>☐ FDIC website<br>☐ Other: *specify* | ☑ US Mail<br>☐ Certified Mail - Tracking#____<br>☐ Overnight Mail - Tracking#____<br>Carrier Name:____ |

| Name of 2nd Lienholder)<br><br>Agent for Service of Process<br>(Name & Address) | Address from:<br>☐ Proof of Claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail - Tracking#____<br>☐ Overnight Mail - Tracking#____<br>Carrier Name:____ |
|---|---|---|
| Name of 2nd Lienholder)<br><br>Agent for Service of Process<br>(Name & Address) | Address from:<br>☐ Proof of Claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail - Tracking#____<br>☐ Overnight Mail - Tracking#____<br>Carrier Name:____ |
| Name of 2nd Lienholder)<br><br>Agent for Service of Process<br>(Name & Address) | Address from:<br>☐ Proof of Claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail - Tracking#____<br>☐ Overnight Mail - Tracking#____<br>Carrier Name:____ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2013*                    Page 10                    **F 3012-1.MOTION.VALUATION**